IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERONIMO REGALADO,

Plaintiff,

vs.

CIVIL NO. 10-1246 MCA/LFG
Consol. with CIVIL 11-316 MCA/LFG

CHRIS FRENTZEL, ADOLPH CHAVEZ, FNU BEBE, and THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 611,

Defendants.

**ORDER IMPOSING SANCTIONS AND DIRECTING PLAINTIFF'S DEPOSITION**

THIS MATTER is before the Court on Plaintiff Geronimo Regalado's ("Mr. Regalado") response [Doc. 47] to the Court's Order to Show Cause [Doc. 46].

**Background**

Mr. Regalado is a *pro se* litigant. At the Fed. R. Civ. P. 16 scheduling conference conducted in this case, the Court urged Mr. Regalado to secure the services of counsel, as the Court was required to uniformly apply and enforce the Federal Rules of Civil Procedure. "A party's pro se status does not relieve him from complying with the court's procedural requirements." Barnes v. United States, 173 F. App'x 695, 697 (10th Cir. 2006); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)("pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.")

Mr. Regalado's *pro se* status has already delayed the processing of this case. On February 22, 2011, Mr. Regalado contacted the Court's administrative staff advising that he was without counsel, had received the Court's Initial Scheduling Order, and did not know what he needed to do

or how to do it. He requested assistance, and the Court's staff advised him that the Court could not provide him with legal advice, but recommended that he contact an attorney, and that he also contact defense counsel to arrange for preparation of the Joint Status Report. He was provided with the telephone number of the New Mexico Legal Aid Society.

As a result of Mr. Regalado's call to chambers, the Court entered an order [Doc. 13] denying the request for appointment of counsel and denying the request for advice on how to proceed. The Court apprised Mr. Regalado that there is no right to court-appointed counsel unless a federal statute specifically authorizes the appointment. Romanelli v. Suliene, 615 F.3d 847, 852 (7th Cir. 2010)("[c]ivil litigants are not, as a matter of right, entitled to court-appointed counsel in federal court, and . . . only under exceptional circumstances will a court appoint counsel for indigent litigants.") The Court advised Mr. Regalado that there is no constitutional right nor statute authorizing the appointment of counsel and it was compelled to deny any oral request for legal assistance. The Court's order provided:

> Regalado is free to contact publicly funded programs that may be available to assist him with representation. He may contact the lawyer referral services operated through the State Bar of New Mexico [telephone number omitted]; or he can contact the New Mexico Legal Aid office [telephone number omitted].

[Doc. 13 at 2]. The Court concluded by advising Mr. Regalado:

> The Court cannot serve as a legal adviser to any litigant, and, thus, to the extent Regalado sought information on how to proceed, the Court must deny his request. It is not the function of the Court to advocate on behalf of any litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).
>
> However, Regalado, as a *pro se* litigant, must fully comply with all rules and regulations that apply to [a] licensed attorney and must adhere to all of the federal rules of procedure, as well as all Court orders and directives.

[Doc. 13 at 2].

At the Rule 16 conference conducted in these consolidated cases, the Court was apprised that Mr. Regalado failed to comply with his obligations to provide opposing counsel with a draft Joint Status Report and failed to submit any material to opposing counsel. The Court directed Mr. Regalado to provide his information and, further, required opposing counsel, Mr. John Hollis, to prepare the appropriate Joint Status Report. The case was assigned to a 150-day case management plan.

On July 29, 2011, approximately 60 days prior to the close of discovery, the Court conducted a status conference. [Doc. 41, Clerk's Minutes]. The Court asked Mr. Regalado if he had served interrogatories, requests for admission and requests for production. Mr. Regalado responded that as a *pro se* litigant, he did not understand what he needed to do, and the Court again urged him to hire an attorney. The Court asked Mr. Regalado whether he intended to take any depositions and he indicated that he worked out of state; and that while he wanted to engage in discovery, he found it difficult to attend to this case because of his work situation. The Court advised Mr. Regalado that while it is difficult to prosecute his case *pro se*, he is still obligated to follow through and comply with the rules. [*See* Doc. 41].

The Court ordered Mr. Regalado to confer with opposing counsel to schedule any depositions he intended to take. The Court also assisted Mr. Regalado and Mr. Hollis in scheduling Mr. Regalado's deposition on September 6, 2011, at 9:00 at Mr. Hollis' office. [*See* Doc. 41].

On the date, time and place scheduled for Mr. Regalado's deposition, Mr. Hollis and the court reporter were present, as was Mr. Regalado. However, Regalado refused to answer any questions, contending that he was without counsel. Prior to the scheduled deposition, Mr. Regalado did not file a Fed. R. Civ. P. 26(c) motion for protective order, nor did he give any notice of non-

appearance. Instead, he simply refused to respond to inquiries, and Mr. Hollis was forced to terminate the deposition.

Mr. Hollis rescheduled the deposition for September 13, 2011, and advised that if Mr. Regalado did not cooperate in discovery, a request for sanctions would be filed. Mr. Hollis gave Mr. Regalado notice of the re-scheduled deposition. [Doc. 48, Hollis letter]. Mr. Regalado failed to appear for the second deposition. As a result of Mr. Regalado's refusal to answer questions during the first scheduled deposition and his failure to appear for the second deposition, Defendants have been denied discovery as authorized under Rule 26 and have incurred costs and fees.

In response to the Court's Order to Show Cause, Mr. Regalado argues that he is without counsel. He states, "I do not want to do this deposition because I don't have a lawyer and I also don't have interpreter or translator and I do not feel comfortable doing this in english when my first language is spanish." [Doc. 47].

For the reasons hereafter stated, the Court determines that Mr. Regalado's refusal to cooperate in the discovery process violates his obligations under the rules of procedures and the orders and directives of the Court.

## **Analysis**

Fed. R. Civ. P. 37 (b) authorizes a court to "issue further just orders" and to impose various sanctions upon a party for failure to comply with "an order to provide or to permit discovery," including: (i) ordering that designated facts be taken as established; (ii) precluding the disobedient party from supporting or opposing matters at issue or "introducing designated matters in evidence," (iii) "striking pleadings in whole or in part," (iv) "staying further proceedings until the order is obeyed;" (v) dismissing the action; (vi) "rendering a default judgment against the disobedient party;" and (vii) treating the failure to obey the discovery order as contempt of court. Fed. R. Civ. P.

37(b)(2)(A)(i)-(vii).

Mr. Regalado advances two arguments: (1) that he is without counsel; and (2) he does not have an interpreter. [*See* Doc. 47]. The Court previously ruled on Mr. Regalado's first argument. [Doc. 13].

These two cases are civil actions initiated by Mr. Regalado, and there exists neither a constitutional nor federally protected right to court-appointed counsel in these civil cases. The Court has urged Mr. Regalado to secure the services of counsel, and on more than one occasion, has provided him with contact information for publicly funded programs to give litigants assistance. It is unknown whether Mr. Regalado followed up on the Court's suggestions, but in any event, there is simply no right to court-appointed counsel, and the Court previously rejected Mr. Regalado's oral request for the appointment of counsel. [Id.]. Thus, Mr. Regalado's refusal to answer questions at his deposition because he is without counsel was inappropriate and constituted a violation of Defendants' right to discovery under Rule 26.

Mr. Regalado advances a second basis for his refusal to submit to discovery, specifically, that he is without an interpreter. In criminal proceedings or in civil cases initiated by the United States, the Court must provide an interpreter for a non-English-speaking party. 28 U.S.C. § 1827(j). However, these are not criminal prosecutions nor are they civil lawsuits initiated by the United States of America. Rather, the consolidated cases are civil actions initiated by Mr. Regalado himself. Therefore, there is no statutory obligation to provide Mr. Regalado with an interpreter.

At the Rule 16 scheduling conference, the Court advised that it does not provide court interpreters for civil litigation, and if he wished to have an interpreter present, he must make those arrangements. The Court can provide a list of certified interpreters, and if no certified interpreter is available, the Court may authorize the use of a non-certified interpreter. 28 U.S.C. § 1827.

Thus, if Mr. Regalado wanted to use an interpreter, he was free to request a list of certified interpreters from the Clerk of Court, and he than could have made private arrangements with an interpreter to assist him. There does not exist any right to court-appointed interpreters in a civil action not initiated by the United States, Equal Employment Opportunity Commission v. Beauty Enterprises, Inc., 2002 WL 1626163 at *3(D. Conn. May 21, 2002)("Court Interpreters Act applies to civil proceedings initiated by the United States.")

Regalado did provide for his own interpreter and neither the Court nor Defendants were required to provide one. Under these circumstances, it was improper for Mr. Regalado to refuse to answer questions at his first deposition, and improper for him not to appear at the second deposition.

**Conclusion**

The Court concludes that Mr. Regalado's refusal to participate in discovery for the reasons he stated was wrongful and violated Defendants' entitlement to discovery. Mr. Regalado's conduct is sanctionable.

**Appropriate Sanction**

The Court determines that the appropriate sanction is to award Defendants their reasonable costs and attorney fees. The Court will assess Mr. Regalado two hours of time at Mr. Hollis' standard billing rate. Mr. Hollis should immediately file an affidavit indicating his standard hourly rate, and within twenty days of receipt of the affidavit, Mr. Regalado will be required to reimburse the attorney fees. In addition, the Court requires Mr. Regalado to reimburse Mr. Hollis for the court reporter's appearance for both depositions. Mr. Hollis should include in his affidavit the costs for those court reporter fees, and Mr. Regalado should reimburse Mr. Hollis for the two court reporter appearances within twenty days of receipt of Mr. Hollis' affidavit.

**Geronimo Regalado's Deposition**

Finally, the Court requires Mr. Regalado to appear for his deposition at a date, time and place scheduled by Defendants within the next 20 days, and extends the discovery deadline by 20 days for that purpose. Mr. Hollis should attempt to coordinate an appropriate date with Mr. Regalado, but that failing, Mr. Hollis is entitled to set the deposition and proceed to take Mr. Regalado's deposition whether he has an attorney present or not or whether an interpreter is present or not.

Should Mr. Regalado not answer questions at his next deposition or otherwise not appear or not cooperate, additional sanctions, including dismissal of his case with prejudice may be imposed. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

IT IS SO ORDERED.

Lorenzo F. Garcia
United States Magistrate Judge