IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERONIMO REGALADO,

                Plaintiff,

   vs.                                     CIVIL NO.  10-1246 MCA/LFG

                                       Consol. with CIVIL 11-316 MCA/LFG

CHRIS FRENTZEL, ADOLPH
CHAVEZ, FNU BEBE, and THE
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS LOCAL 611,

                Defendants.

## REPORT AND RECOMMENDATION
## THAT CONSOLIDATED CASES BE DISMISSED WITHOUT PREJUDICE[1]

THIS MATTER is before the Court on an Order to Show Cause [DOC 55].  The Court conducted a hearing on November 14, 2011, and directed Plaintiff, Geronimo Regalado ("Regalado") to show if any cause existed why his consolidated lawsuits should not be dismissed.

### Background

Regalado filed two separate lawsuits, CV 10-1246 and CV11-316, contending that Defendant union failed to represent him and breached its fiduciary duties owed him.  These lawsuits were consolidated.  [Doc. 34].  Regalado filed his lawsuit as *a pro* se litigant.  He was hopeful that he could secure the services of an attorney.

From the outset, Regalado's lack of familiarity with the court process and his obligations under federal procedural rules caused significant problems and delays.  Upon receipt of the Court's

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.

Initial Scheduling Order [Doc 12], Regalado called the Court's chambers and spoke with a member

of the Court's staff.  He said that he did not know what he was supposed to do in reference to the

Joint Status Report ("JSR") or how to do it.  He sought advice and assistance.  The Court liberally

construed Regalado's oral request for assistance as a request for Court-appointed counsel.  *See*

Rucks v. Boergermann, 57 F.3d 978 (10th Cir. 1995).

On February 23, 2011, the Court entered an order denying Regalado's request for appointed

counsel and for advice on how to best proceed. [Doc 13].  The Court advised Regalado that there

was no right to court appointed counsel in civil cases.  Romanelli v. Suliene, 615 F.3d 847, 852 (7th

Cir 2010), (civil litigants are not, as a matter of right, entitled to court-appointed counsel in federal

court, and only under exceptional circumstances will a court appoint counsel for an indigent

litigant).  The Court also notified Regalado that it could not assist him by providing legal advice or

helping him prepare pleadings.  [Doc. 13].

The Court encouraged Regalado to contact the State Bar of New Mexico's lawyer referral

service, as well as the New Mexico Legal Aid Society, and, to assist him, provided him with contact

information.[2]  [Id.].

Because Regalado is the Plaintiff in these cases, it was his responsibility to prepare the Joint

Status Report ("JSR").  [*See* Doc. 12].  On March 3, 2011, Regalado sought an extension of time

on all deadlines because he was unsure of what to do regarding the JSR, and was still hopeful to find

an attorney to represent him.  Pursuant to his request, the Court extended all initial scheduling

deadlines by approximately one month. [Doc. 16].

---

[2]Regalado advised at a show cause hearing that he did not meet the income eligibility
requirements for the various publicly funded legal assistance programs, and, thus, did not qualify for
representation.

Regalado tried to prepare the JSR and to have defense counsel, John L. Hollis ("Hollis"), sign it. However because the JSR was incorrectly prepared, Hollis declined to execute the document. [Docs 28 and 29].

At the Rule 16 conference, the Court was advised that Regalado failed to make any of his mandatory initial disclosures under Rule 26. Hollis made his initial disclosures as required. Regalado again explained that he did not know what he was supposed to do because he was not an attorney. He was directed to make disclosures within ten days. As a result of Regalado's lack of knowledge concerning court proceedings, initial disclosures were significantly delayed. The Court issued a case management plan setting deadlines for disclosing experts and providing Rule 16 expert reports, completing discovery, and filing motions. [Doc. 31].

## Discovery Problems

On July 29, 2011, approximately 60 days before the close of discovery, the Court conducted a Rule 16 status conference. [Doc. 41]. At the conference, the Court learned that Regalado failed to designate his expert witnesses within the time deadlines. As he was unaware how to go about preparing and serving written discovery, he had not initiated or served any, nor had he made any arrangements for oral discovery. When asked if he intended to take any depositions, he listed several individuals. [*See* Clerk's Minutes, Doc. 41].

The Court required that Regalado confer with attorney Hollis to discuss the proposed deponents and agree to dates on which those depositions could be taken. Indeed, the Court entered an order directing cooperation. [Doc. 44]. Notwithstanding the discussion, Regalado failed to properly notice any depositions or issue any subpoenas. He did try to make arrangements with a court reporting firm, but was told that they decline to handle *pro se* depositions. [*See* Doc. 59 at 2]. He did not attempt to use the services of any other court reporting firm. Thus, Regalado took no

3

depositions and the deadline to engage in discovery elapsed.

Shortly after the Court's Rule 16 status conference, Defendants served written discovery on Regalado. The written discovery consisted of both interrogatories and requests for admission. Regalado neither answered the interrogatories nor responded to the requests for admission, contending that since he was without counsel, he had no obligation to answer. [Doc. 48].[3] The time for Regalado to respond to written discovery elapsed without him providing Hollis with any answers, admissions or denials.

Prior to the expiration of the discovery deadline, Hollis noticed Regalado's deposition. At the time and place of the deposition, Regalado appeared, but refused to answer questions, again, contending that since he was without counsel, he was not obligated to answer questions. [Doc. 47].[4] His failure to answer prompted defense counsel to contact the Court to advise of Regalado's failure to answer. As a result, the Court issued an Order to Show Cause [Doc. 46]. Regalado was directed to show cause why sanctions, including dismissal of his case with prejudice, should not be entered as a result of his refusal to cooperate in discovery. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

In the interim, defense counsel was able to reschedule the deposition for September 13, 2011. Notwithstanding the agreement to reschedule, Regalado failed to appear at the deposition. [*See* Doc. 48]. Contrary to his obligations under the rules of procedure as stated in Fed. R. Civ. P. 26(c), he did

---

[3]At Regalado's deposition, the following exchange occurred: Q. "When are you going to have your answers, your responses [your] requests for admission done?" A: "When I have a lawyer." [Doc. 54, Ex. 2, Regalado Depo. at 15:16-18].

[4]Regalado: "I want to stop this deposition. I want to do this on September 13, please"
 Hollis: "All right. But that does not mean I will not move for sanctions because of your failure to answer questions here today." [Doc. 54, Ex. 2, Regalado Depo. at 33:19-23].

4

he obtain a protective order, nor did he file a notice of non-appearance.  He provided no notice to Hollis that he would not appear for the deposition.  Thus, Hollis incurred a second court reporter's appearance fee.

The Court sanctioned Regalado and ordered that he appear for a rescheduled deposition at a date, time, and place as designated by Hollis.  [Doc. 49].  The Court further directed that Regalado pay Defendants' attorney fees for the two aborted depositions.  Hollis was to file an affidavit setting out his standard hourly billing rate.  The Court directed Regalado to pay the attorney fees and court reporter appearance fee for the two depositions within twenty days.  Regalado was warned that failure to appear for the new deposition or his failure to comply with the Court's directive could result in dismissal of his lawsuits pursuant to  Ehrenhaus v. Reynolds.  [*See* id.].

In accord with the Court's directive, Hollis filed his affidavit [Doc. 50] and provided a copy to Regalado, but, Regalado neither reimbursed Hollis for the attorney fees nor did he pay the court reporter's appearance fee. [Doc. 59, Clerk's Minutes, Order to Show Cause Hearing].  Regalado did not request any additional time within which to comply, nor did he file any affidavit indicating that he was indigent or otherwise unable to comply with the Court's sanction order.  Regalado did not respond to Defendants' outstanding written discovery.  As a result, Defendants filed a Motion to Compel [Doc. 53].

## Other Unanswered Motions

In addition to the failures noted above, Defendants filed a motion to dismiss for lack of jurisdiction [Doc.24].  Regalado failed to file any response and briefing is closed on that motion. Hollis also filed a Motion for Summary Judgment, [Doc. 54] and, as before, Regalado filed no response.  Briefing is closed on that potentially dispositive motion.  Defendants filed a first motion for contempt [Doc. 56] as a result of Regalado not answering the written discovery and for his failure

to reimburse Defendants for the costs and fees required by the Order docketed as number 49.

### Current Order to Show Cause

At the show-cause hearing conducted on November 14, 2011, Regalado was given an opportunity to explain why the Court should not dismiss his lawsuits as a result of his repeated failures to comply with discovery obligations and with the Court's orders and directives. He simply states that he has not complied with these obligations because he is without an attorney, is not an expert in the law, and does not know court procedures. [*See* Clerk's Minutes, Doc. 59]. He states that the difficulties he's had with his employment made it very hard for him to comply, and stated that he would do a better job of compliance if given an opportunity to continue with the litigation.

It is clear that Regalado wants to pursue action against the Defendants in both cases, but it is equally clear that he lacks the knowledge and ability to competently represent his own interests. His repeated failures to comply with procedural requirements, and his abdication of responsibilities under the discovery rules, have served to delay the proceedings and increase the costs of litigation, all as prohibited by the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq. See, e.g.*, Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)(litigants proceeding *pro se* generally are held to same procedural standard as those with counsel).

While the Court is sympathetic to Regalado's situation, it cannot act as his legal advisor, nor can it hold his hand while he seeks to navigate his way through a fairly complex maze of procedural and substantive rules and regulations. *See* Lazarou v. Kimmel, 2011 WL 588074, at *5 n. 4 (D. Colo. Feb. 9, 2011) (court may not serve as *pro se* plaintiff's advocate or provide legal advice). Regalado has repeatedly breached the obligations imposed on him by the rules of civil procedure and the Court's orders.

His refusal to answer questions denied Defendants the opportunity to determine whether any evidence supports his claims. This refusal also denies the Defendants an opportunity to evaluate the case for settlement, or if the case cannot be settled, to prepare for trial. A litigant simply has no right to avoid the burdens of discovery because he is without counsel.

The Court previously advised Regalado of the court's own federal bar fund that can provide some discovery funds for particular cases, but there is no indication that Regalado made any application or other attempt to access those funds or assistance. While he wanted to secure counsel, he demonstrates no deliberate effort to obtain an attorney.[5]

At the show cause hearing, Regalado advised that he prepared responses to the long- overdue written discovery and produced them in court. [*See* Doc. 59 at 3]. However, his responses show that they are incomplete. He did not, for example, respond to any of the requests for admissions. There is no indication that the responses are under oath or that he answered all of the questions asked him. The responses are provided long after the deadline for discovery.

## Sanctions

Under <u>Ehrenhaus v. Reynolds</u>, once a court determines that sanctions are appropriate, it must conduct an inquiry to determine the appropriateness of the sanction. There are five general areas of consideration: (1) whether the opposing party has been prejudiced; (2) the amount of interference with the judicial process; (3) who is responsible for the non-compliance; (4) whether the party was warned that noncompliance could result in dismissal; and, (5) the efficacy of lesser sanctions. *See* <u>Ehrenhaus</u>, 965 F.2d at 921.

---

[5]The first attorney with whom he consulted was suspended from practice. The second attorney never entered an appearance. <u>In Re D.M.</u>, No. 32,397 at 2 (N.M. Apr. 25, 2011).

**Prejudice to Opposing Party**

The Court already determined that Defendants were prejudiced as a result of Regalado's non-compliance with rules of procedure and directives of the Court.  Defendants were denied discovery; they've been unable to learn whether any evidence supports the claims; they've been denied an opportunity to evaluate the merits of the claims; they've faced delay due to non-compliance; and they've incurred additional costs and fees.  Discovery is now closed and even at this late date, they have incomplete information from Regalado.

**Interference With the Judicial Process**

So, too, the judicial process was compromised.  The Court's Scheduling Order has essentially been deemed a nullity, as Regalado did not discover any of Defendants' evidence and Defendants were unable to adequately discover Regalado's evidence.  Should these cases continue, the Court would be forced to revise its case management plan.  In doing so, it would create delay and surely the Court would be unable to meet the target disposition dates imposed by the district's Civil Justice Expense and Delay Reduction Plan.  Finally, the Court was compelled to conduct hearings that would otherwise not have been required had Regalado simply complied with these obligations.  In sum, Regalado's failures interfered with the judicial process.

**Responsibility for Non-Compliance**

A sanction should be imposed on the responsible party.  In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984); *see also* M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987).  Regalado represents himself.  Thus, all of the failings are his, and he is solely responsible for the non-compliance.  While his non-compliance may have been prompted out of lack of knowledge, as opposed to intentional obstructionist behavior, the result is the same.  He did not comply with the rules or with the Court's orders.  Any sanction must be directed at him.

8

## Prior Warnings

The Court gave Regalado numerous prior warnings that non-compliance with rules and directives could result in imposition of sanctions, including dismissal of his case.  Indeed, the Court's sanction order and orders to show cause specifically refer to <u>Ehrenhaus v. Reynolds</u> and provide clear notice of the potential dismissal.  [*See* Docs. 49, 55].

## Efficacy of Lesser Sanctions

Finally, the Court must consider the efficacy of lesser sanctions.  It is clear to the Court that dismissal is an appropriate sanction as a result of Regalado's essential abandonment of this litigation by his ongoing failures to comply.  *See* <u>Davis v. Miller</u>, 571 F.3d 1058, 1060 (10th Cir. 2009) (under Fed. R. Civ. P. 41(b), district court may dismiss action with or without prejudice for plaintiff's failure to comply with rules and/or orders of court).  Regalado's conduct resulted from his lack of understanding of the court process and court rules.  Indeed, if he was represented by counsel, these difficulties would likely have not occurred.

Lesser sanctions did not work.  For example, the Court warned Regalado of potential consequences--to no avail.  It imposed financial sanctions, but they were ignored.  The Court has no optimism that any sanction, other than dismissal, will be effective.

Under these circumstances, the Court determines that a dismissal with prejudice is harsh.  The Court concludes that a dismissal <u>without</u> prejudice is the more appropriate course of action.  *See* Fed. R. Civ. P. 41(b).  This dismissal will allow Regalado an opportunity, if he so desires, to secure counsel, and to the extent that his claims may not have already been extinguished as a result of the statute of limitations, he may well be able to revive his lawsuit.  A dismissal without prejudice affords him an opportunity to locate and secure counsel.

Nothing in the Court's statement should be construed as extending any statute of limitations or time-to-sue provisions in any purported contract.  If the dismissal without prejudice is tantamount to a dismissal with prejudice due to the claims being time-barred, then dismissal is still appropriate. *See* <u>Davis</u>, 571 F.3d at 1061 n. 2.  But, to the extent that time may be available, should Regalado wish to secure an attorney to refile a lawsuit, he would be privileged to do so.

### <u>Recommendation</u>

For all the reasons stated herein, it is the recommendation of the referral Magistrate Judge that the consolidated lawsuits be dismissed without prejudice.

*Lorenzo F. Garcia*
_____
Lorenzo F. Garcia
United States Magistrate Judge